Sharon H. Sjostrom, ID #09836700
BLALACK & WILLIAMS, P.C.
5550 LBJ Freeway, Suite 400
Dallas, TX 75240
214/630-1916; 214/630-1112 (fax)
Attorneys for First Priority Credit Union

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
(ABILENE DIVISION)

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 13-10182-rlj-13 |
| RODGER WAYNE BROWN and ) | If a timely answer is filed, a final hearing on this |
| MELANIE ANN BROWN ) | Motion will be held at 11:00 a.m. on October |
|     Debtor(s) ) | 2, 2013. |
| ) | |
| FIRST PRIORITY CREDIT UNION ) | |
|     Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| RODGER WAYNE BROWN and ) | |
| MELANIE ANN BROWN ) | |
|     Debtor(s)/Respondent(s) ) | |

**MOTION OF FIRST PRIORITY CREDIT UNION
FOR RELIEF FROM AUTOMATIC STAY WITH
<u>WAIVER OF THIRTY DAY HEARING REQUEST</u>**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS ELECTRONICALLY FILED OR SUBMITTED ON DISKETTE TO THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ROOM 306, 1205 TEXAS AVE., LUBBOCK, TX 79401 BEFORE THE CLOSE OF BUSINESS FOURTEEN DAYS FROM THE SERVICE OF THIS MOTION.  IF SERVICE IS BY MAIL, THREE ADDITIONAL DAYS ARE ALLOWED PURSUANT TO FED. R. BANKR. P. 9006(f).**

**ANY RESPONSE MUST BE IN WRITING, ELECTRONICALLY FILED OR SUBMITTED ON DISKETTE TO THE CLERK, AND A COPY SERVED UPON COUNSEL FOR THE MOVING PARTY WITHIN THE TIME DESCRIBED ABOVE. IF NO RESPONSE IS TIMELY FILED, THE RELIEF REQUESTED SHALL BE DEEMED UNOPPOSED AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT.**

**IF A RESPONSE IS FILED, A FINAL HEARING ON THE MOTION WILL**

**BE HELD ON OCTOBER 2, 2013 AT 11:00 A.M. IN ROOM 2201, 3RD AND PINE, ABILENE, TEXAS. THE RESPONSE MUST CONTAIN THE INFORMATION REQUIRED BY N.D. TEX. L.B.R. 4001-1(b).**

TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

NOW COMES FIRST PRIORITY CREDIT UNION, the holder of a claim in the above numbered and entitled case and files this, its Motion for Relief from Automatic Stay and as grounds therefor would respectfully show the Court as follows:

1. This Court has jurisdiction over this matter by virtue of the jurisdiction conferred upon it under 28 U.S.C. §157 which characterizes this matter as a "core proceeding" arising in a case under Title 11.

2. Movant is the holder of a secured claim in this case. The Debtor, whether one or more, is indebted to Movant as follows: $18,418.88. True copies of the loan documents evidencing the Debtor's indebtedness to Movant are attached hereto.

3. Securing repayment of that indebtedness, the Debtor gave Movant a security interest, mortgage or lien in the following property: the Debtor's shares and deposits under Account No. xxxx63 in the amount of $510.66 in subaccount 05; $2,694.34 in subaccount 01 and $200.00 in subaccount 13. The nature of the Debtor's pledge of that property, either in the form of security interest, mortgage or other lien, is more particularly set forth in the documentation evidencing that pledge, true copies of which are either attached hereto, or cannot presently be attached due to the emergency nature of this pleading. Movant is the holder of a valid, subsisting and perfected lien in the property described above, whether by way of direct pledge, or enforceable future advances and cross-collateralization clauses contained in the loan documents attached.

4. The Debtor has defaulted in the repayment of his/her loan obligation to Movant. Movant is entitled to foreclose upon its security interest, mortgage or lien, subject to the constraints

imposed under 11 U.S.C. §362.

5. Movant would urge that it is entitled to relief from the automatic stay with respect to the pre-petition Shares and Deposits securing its claim herein upon the ground that the Debtor has no equity in the property and it is not necessary to the Debtors' effective reorganization.

6. Movant would urge that it is entitled to relief from the automatic stay for cause. In support thereof, Movant would show that the Debtor's loan is past due and in default. Accordingly, Movant has the right of offset and cause exists for the lifting of the automatic stay.

WHEREFORE, Movant prays that the automatic stay in effect in this case be modified, (a) to allow Movant to offset the Debtor's shares and deposits under under Account No. xxxx63 in the amount of $510.66 in subaccount 05; $2,694.34 in subaccount 01 and $200.00 in subaccount 13 against the outstanding balance owed to Movant and (b) and further that the requirement under Bankruptcy Rule 4001(a)(3) be waived and for such other and further relief to which Movant may be found justly entitled.

       Respectfully submitted,

       BLALACK & WILLIAMS, P.C.
       Attorneys for Movant

BY: /s/ Sharon H. Sjostrom
    Sharon H. Sjostrom, ID #09836700
    5550 LBJ Freeway, Suite 400
    Dallas, TX 75240
    214/630-1916; 214/630-1112 (fax)

## CERTIFICATE OF SERVICE

  The undersigned certifies that a true copy of the foregoing Motion was served upon Rodger Wayne Brown and Melanie Ann Brown, Debtor(s), 610 Warrent Ave., Clyde, TX 79510; Pamela Jean Chaney, Attorney for Debtors, Monte J. White & Associates, P.C., American State Building, 402 Cypress, Ste. 310, Abilene, TX 79601; Walter O'Cheskey, Chapter 13 Trustee, 6308 Iola Ave., Lubbock, TX 79424, and upon the United States Trustee, 1100 Commerce St., Room 976, Dallas, TX 75242-1496 by e-mail or first class mail, address service requested, on this 14th day of August, 2013.

              /s/ Sharon H. Sjostrom
              Sharon H. Sjostrom

## CERTIFICATE OF CONFERENCE

  The undersigned hereby certifies that on the 2nd day of August, 2013:

|     |      |                                                                                                                                     |
|-----|------|-------------------------------------------------------------------------------------------------------------------------------------|
| ___ | 1(a) | The creditor                                                                                                                        |
| X   | (b)  | The creditor's attorney                                                                                                             |
| X   | (c)  | made a good faith effort to negotiate a settlement of the dispute with debtor(s)' counsel.                                          |
| ___ | (d)  | attempted to contact debtor(s)' counsel, but debtor(s)' counsel failed to respond to our communication by the same time on the second business day after such communication. |
| X   | 2(a) | The Motion is opposed.                                                                                                              |
| ___ | (b)  | The Motion is unopposed.                                                                                                            |

              /s/ Sharon H. Sjostrom
              Blalack & Williams, P.C.